*E-FILED 11-18-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJ KUMARI SHARMA and KARTARI LAL SHARMA,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA, DOES 1-10,<br><br>Defendants.<br>_____/ | No. C10-04548 HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS AND (2) DENYING AS MOOT DEFENDANT'S MOTION FOR TELEPHONIC APPEARANCE**<br><br>**[Re: Docket Nos. 4, 16]** |

This lawsuit arises out of the non-judicial foreclosure sale of real property owned by plaintiffs Raj Kumari Sharma and Kartari Lal Sharma. In essence, plaintiffs say that they were duped into accepting a home loan they could not afford. According to their complaint, plaintiffs contacted defendant Wachovia to obtain a loan modification. Plaintiffs further allege that defendant advised them to stop making their monthly mortgage payments because they qualified for Wachovia's "Assistance Program." Plaintiffs say that, based on Wachovia's advice, they stopped making their mortgage payments, but that Wachovia nonetheless foreclosed on the property in February 2010 and sold it without contacting plaintiffs about a loan modification.

The Sharmas filed suit in Santa Clara County Superior Court, asserting four state claims for relief: (1) Breach of Duty of Good Faith and Fair Dealing; (2) Unfair Business Practices

(Cal. Bus. & Prof. Code § 17200); (3) Misrepresentation and Fraud; and (4) Unjust Enrichment. They seek to recoup $321,764.04 in payments made to Wachovia, as well as punitive damages, attorney's fees and costs. Wachovia removed the matter here, asserting diversity jurisdiction.

Now before the court is Wachovia's motion to expunge lis pendens and for an order deeming the lis pendens void. Plaintiffs oppose the motion. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. The court deems the matter appropriate for determination without oral argument. CIV. L.R. 7-1(b). The November 23, 2010 hearing is vacated, and defendant's motion for telephonic appearance is denied as moot. Upon consideration of the moving and responding papers,[1] as well as the arguments of counsel, this court grants the motion to expunge lis pendens, but denies defendant's request for an award of its fees and costs.

Federal courts look to state law in matters concerning lis pendens. 28 U.S.C. § 1964. "A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." CAL. CODE CIV. PRO. § 405.20. The purpose of a lis pendens is to give "constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." *BGJ Associates, LLC v. Super. Ct.*, 75 Cal. App.4th 952, 966, 89 Cal. Rptr.2d 693 (2000). "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment." *Id.* Once filed, a lis pendens clouds title and, in effect, prevents the property's transfer until the litigation is resolved or the lis pendens is expunged. *Id.* Because of the "serious consequences flowing from it . . . . lis pendens is a provisional remedy which should be applied narrowly." *Id.* at 967.

Plaintiffs do not dispute that, in recording the lis pendens, they failed to comply with the proof of service requirements under California Code of Civil Procedure section 405.22. Accordingly, it appears that the lis pendens is void. CAL. CODE CIV. PRO. § 405.23 ("Any

---

[1] Pursuant to Fed. R. Evid. 201, defendant's request for judicial notice is granted.

2

notice of pendency of action shall be void and invalid as to any adverse party or owner of record unless the requirements of Section 405.22 are met for that party or owner and a proof of service in the form and content specified in Section 1013a has been recorded with the notice of pendency of action.").

Even if the lis pendens were not void, on the record presented, the court concludes that the lis pendens should be expunged. Although plaintiffs argue that the instant motion is premature, a motion to expunge lis pendens may be brought at any time after notice of pendency has been recorded. CAL. CODE CIV. PRO. § 405.30. The party who recorded the notice of lis pendens bears the burden of proof in opposing a motion to expunge. *Id*. There are several statutory bases for expunging a lis pendens, including that the pleading on which the notice is based does not contain a real property claim. *Id*. § 405.31. Expungement under California Code of Civil Procedure section 405.31 "'concerns judicial examination of allegations only.'" *BGJ Associates, LLC*, 75 Cal. App.4th at 956 (quoting Comment to § 405.31). "'Rather than analyzing whether the pleading states any claim at all, as on a general demurrer, the court must undertake the more limited analysis of whether the pleading states a real property claim.'" *Id*.

Here, plaintiffs' lawsuit essentially is an action seeking money damages for wrongful foreclosure and fraud. "[A]n action for money *only*, even if it relates in some way to specific real property, will not support a lis pendens." *BGJ Associates, Inc.*, 75 Cal. App.4th at 967 (citations omitted). Plaintiffs assert that the instant lawsuit is actually one to set aside or cancel the trustee's sale for irregularities in the sale notice or procedure. They do not dispute Wachovia's assertion that no valid tender was made prior to the sale in question. Instead, plaintiffs argue that the tender rule does not apply to them. As noted above, however, their complaint seeks only money damages allegedly caused by the purported wrongful sale. Moreover, "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. Am. Savings & Loan Ass'n*, 15 Cal. App.3d 112, 117, 92 Cal. Rptr. 851 (1971) (holding that where no valid tender was

1  made, the trustee's sale, although initially voidable, became valid and proper).  Plaintiffs have
2  cited no authority to the contrary.
3          Accordingly, the lis pendens shall be expunged.[2]  The court shall award the party
4  prevailing on a motion to expunge lis pendens reasonable attorney's fees and costs of making or
5  opposing the motion, unless the court finds that the other party acted with substantial
6  justification or that other circumstances make such an award unjust.  CAL. CODE CIV. PRO. §
7  405.38.  Because the record presented indicates that plaintiffs are experiencing financial
8  difficulties, an award of attorney's fees and costs would be unjust.  Accordingly, defendants'
9  request for an award of attorney's fees and costs is denied.
10          SO ORDERED.
11  Dated:   November 18, 2010

                                                      HOWARD R. LLOYD
                                                      UNITED STATES MAGISTRATE JUDGE

---

[2] The court need not reach defendant's alternative request for an order requiring plaintiffs to post a bond.

4

1  5:10-cv-04548-HRL Notice has been electronically mailed to:

2  Ali Nehme     nehme29@sbcglobal.net

3  Frederick James Hickman     fhickman@afrct.com, dpandy@afrct.com, jashley@afrct.com, npeters@afrct.com

4

5  Michael Rapkine     mrapkine@afrct.com, bcruz@afrct.com, caguilar@afrct.com, hsaller@afrct.com, mflewelling@afrct.com, npeters@afrct.com

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California