1

2                                              *E-FILED 08-26-2011*

3

4

5

6

7                          NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11   RAJ KUMARI SHARMA and KARTARI LAL          No. C10-04548 HRL
     SHARMA,
12                                              **ORDER (1) GRANTING DEFENDANT'S**
                    Plaintiffs,                 **MOTION TO DISMISS; AND (2)**
13     v.                                       **DENYING AS MOOT DEFENDANT'S**
                                                **MOTION TO STRIKE**
14   WACHOVIA, DOES 1-10, inclusive,
                                                **[Re:  Docket Nos. 30 and 31]**
15                    Defendants.

16

17          Plaintiffs Raj Kumari Sharma and Kartari Lal Sharma sue for damages allegedly arising

18   out of the refinancing of their home mortgage and the subsequent non-judicial foreclosure sale

19   of the subject property.  In essence, plaintiffs say that they were led to believe they were

20   obtaining a fixed rate loan, but actually got an adjustable rate mortgage they could not afford.

21   According to their complaint, plaintiffs contacted defendant Wachovia about obtaining a loan

22   modification and "were advised by Wachovia's agents to stop making their payments because

23   they qualified for the [sic] 'Wachovia's Assistance Program' which subsequently would lead to

24   the approval of a loan modification."  (First Amended Complaint ¶ 14).  Plaintiffs say that,

25   based on that advice, they stopped making their mortgage payments, but that Wachovia

26   nonetheless foreclosed on the property and sold it without contacting them about a loan

27   modification.  (Id. ¶¶ 15-16).

28          The Sharmas filed suit in Santa Clara County Superior Court, asserting four state law

**United States District Court**
For the Northern District of California

1    claims for relief:   (1) breach of the duty of good faith and fair dealing; (2) unfair business

2    practices (Cal. Bus. & Prof. Code § 17200); (3) misrepresentation and fraud; and (4) unjust

3    enrichment.  Wachovia removed the matter here, asserting diversity jurisdiction.

4            After Wachovia moved to dismiss the complaint, plaintiffs filed a First Amended

5    Complaint (FAC), the current operative pleading.  The FAC asserts the following five claims

6    for relief:   (1) breach of the duty of good faith and fair dealing; (2) promissory estoppel; (3)

7    unfair business dealings (Cal. Bus. & Prof. Code §§ 17200) (4) fraudulent business practices

8    (Cal. Bus. & Prof. Code § 17500); and (5) unjust enrichment.  Plaintiffs seek actual and

9    punitive damages, as well as disgorgement of all funds they claim defendant obtained

10   unlawfully.

11           Pursuant to Fed. R. Civ. P. 12(b)(6), Wachovia moves to dismiss the FAC, arguing that

12   the amended pleading fails to state a claim for relief.  Wachovia also moves to strike portions of

13   the pleading pursuant to Fed. R. Civ. P. 12(f).  Plaintiffs oppose the motions.  All parties have

14   expressly consented that all proceedings in this matter may be heard and finally adjudicated by

15   the undersigned.  28 U.S.C. § 636(c); FED. R. CIV. P. 73.  Wachovia's motions were deemed

16   appropriate for determination without oral argument.  Civ. L.R. 7-1(b).  Upon consideration of

17   the moving and responding papers, this court grants the motion to dismiss and denies as moot

18   the motion to strike.

19                                        LEGAL STANDARD

20           A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests

21   the legal sufficiency of the claims in the complaint.  "Dismissal can be based on the lack of a

22   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

23   theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In such a

24   motion, all material allegations in the complaint must be taken as true and construed in the light

25   most favorable to the claimant.  See id. at 699.  However, "[t]hreadbare recitals of the elements

26   of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v.

27   Iqbal, 129 S. Ct. 1937, 1949 (2009).  Morever, "the court is not required to accept legal

28   conclusions cast in the form of factual allegations if those conclusions cannot reasonably be

United States District Court

For the Northern District of California

1   drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th

2   Cir. 1994).  Documents which properly are the subject of judicial notice may be considered

3   along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a

4   claim for relief.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

5       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

6   claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations

7   must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v.

8   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). See

9   also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief

10   survives a motion to dismiss.").  However, a complaint attacked by a Rule 12(b)(6) motion to

11   dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is

12   not required to survive a motion to dismiss. Bell Atlantic Corp., 550 U.S. at 570.  Rather, the

13   complaint need only give "enough facts to state a claim to relief that is plausible on its face."

14   Id.

15       While leave to amend generally is granted liberally, the court has discretion to dismiss a

16   claim without leave to amend if amendment would be futile.  Rivera v. BAC Home Loans

17   Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d

18   386, 393 (9th Cir. 1996)).

19                                          DISCUSSION

20   A.      Request for Judicial Notice

21       Wachovia requests judicial notice of several categories of documents:   (1) records

22   reflecting official acts or records pertaining to defendant's status as a federally chartered bank;

23   (2) the loan agreement and public records pertaining to the subject real property; and (3)

24   correspondence between Wachovia and plaintiffs.  Plaintiffs have not objected to Wachovia's

25   request for judicial notice.  The court finds that the first two categories of documents are

26   appropriate matters for judicial notice and grants defendant's request.  FED. R. EVID. 201.  As

27   for the third category, the correspondence between the parties, those documents are not

28   appended to the FAC.  Nor does the FAC extensively or specifically refer to those documents.

Moreover, to the extent Wachovia appears to seek findings as to the import of those letters or their contents—e.g., that the letters comprise the sum total of all communications between the parties as to the loan in question, or that they foreclose any possible claim for relief—the court finds such rulings to be inappropriate at this stage of the litigation. Wachovia's request for judicial notice as to those letters therefore is denied.

B.   <u>Home Owners' Loan Act (HOLA) Preemption</u>

Plaintiffs do not dispute that Wachovia (successor to World Savings Bank and now part of Wells Fargo Bank, N.A.) was a federal savings bank regulated by the Office of Thrift Supervision (OTS) under HOLA, 12 U.S.C. § 1461, <u>et seq.</u> Defendant argues that HOLA therefore preempts all of plaintiffs' claims. The Ninth Circuit has "described HOLA and its following agency regulations as a 'radical and comprehensive response to the inadequacies of the existing state system,' and 'so pervasive as to leave no room for state regulatory control.'" <u>Silvas v. E*Trade Mortgage Corp.</u>, 514 F.3d 1001, 1004-05 (9th Cir. 2008) (quoting <u>Conference of Fed. Sav. & Loan Ass'ns v. Stein</u>, 604 F.2d 1256, 1257, 1260 (9th Cir. 1979)). The net effect is that HOLA, through the OTS, preempts the field of lending regulation of federal savings associations. <u>Id.</u> at 1004.

"As the principal regulator for federal savings associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2." <u>Id.</u> at 1005. Section 560.2(b) lists types of state laws that are preempted, including those concerning:

> (4)   The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>
> (5)   Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees;
>
> * * * * *
>
> (9)   Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants; and

United States District Court
For the Northern District of California

1      (10)  Processing, origination, servicing, sale or purchase of, or investment or
2          participation in, mortgages.

3    12 C.F.R. § 560.2(b).  Section 560.2(c) provides that certain types of state law—including

4    contract, tort, and real property law—are not preempted "to the extent that they only

5    incidentally affect the lending operations of Federal savings associations" or are otherwise

6    consistent with section 560.2(a).  Id. § 560.2(c).

7      In assessing whether a state law is preempted, the court must first "'determine whether

8    the type of law in question is listed in [section 560.2] paragraph (b)." Silvas, 514 F.3d at 1005

9    (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)).  If it is, analysis

10   ends and the law is preempted.  Id.  Here, the court focuses "not on the nature of the cause of

11   action allegedly preempted, but rather on the 'functional effect upon lending operations of

12   maintaining the cause of action.'"  Chang v. Wachovia Mortgage, FSB, No. C11-01951SC,

13   2011 WL 2940717 *4 (N.D. Cal., July 21, 2011) (quoting Naulty v. GreenPoint Mortgage

14   Funding, Inc., No. 09-01542, 2009 WL 2870620 at *4 (N.D. Cal., Sept. 3, 2009)); see also

15   DeLeon v. Wells Fargo Bank, N.A., No. C10-01390LHK, 2011 WL 311376 * 4 (N.D. Cal., Jan.

16   28, 2011) (same).

17     If the law is not covered by section 560.2(b), then "'the next question is whether the law

18   affects lending." Silvas, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951,

19   50966-67 (Sept. 30, 1996)).  If so, then "'the presumption arises that the law is preempted.'" Id.

20   "This presumption can be reversed only if the law can clearly be shown to fit within the

21   confines of paragraph (c).  For these purposes, paragraph (c) is intended to be interpreted

22   narrowly.  Any doubt should be resolved in favor of preemption.'" Id.

23     A number of courts in this district have concluded that claims of fraud and

24   misrepresentation are preempted if they are based on allegations "'related to inadequate

25   disclosure of fees, interest rates or other loan terms, [] or inadequate notice of various rights and

26   procedures during the foreclosure process.'"  Ahmed v. Wells Fargo Bank & Co., C11-00436SI,

27   2011 WL 1751415 *4 (N.D. Cal., May 9, 2011) (quoting DeLeon, 2011 WL 311376 at *6); see

28   also Wornum v. Aurora Loan Services, Inc., No. C11-02189JCS, 2011 WL 3516055, * 6 (N.D.

United States District Court

For the Northern District of California

1   Cal., Aug. 11, 2011) (citing cases).  "On the other hand, when a claim is based on the general

2   duty not to misrepresent material facts, and when application of a state law does not regulate

3   lending activity, district courts have found that the claims are not preempted by HOLA."

4   Wornum, 2011 WL 3516055 at * 6 (citing cases).  This is so because "[t]he only 'requirement'

5   these claims impose on lending institutions is that they be held responsible for the statements

6   they make to their borrowers."  Chang, 2011 WL 2940717 at *5.  "If these causes of action

7   were preempted, federal savings associations would be free to lie to their customers with

8   impunity."  Id.

9          The court concludes that plaintiffs' claims are preempted to the extent that they are

10  based on allegations that defendant failed to use proper care in communicating with plaintiffs,

11  did not adequately disclose interest rates and other loan terms, or failed to provide adequate

12  notice of various rights and procedures during the foreclosure process.[1]  The court does not

13  foreclose the possibility that plaintiffs might also be attempting to base these claims on some

14  affirmative misrepresentation as to the terms or nature of the subject loan, in which case the

15  claims might not be preempted.  See Biggins v. Wells Fargo & Co., 266 F.R.D. 399, 417 (N.D.

16  Cal. 2009) (distinguishing between inadequate disclosures and affirmative misrepresentations).

17  Even so, and for the reasons stated below, the court finds that the FAC does not plead sufficient

18  facts to establish a claim for relief.

19  C.     Individual Claims for Relief

20         1.     Breach of the Implied Covenant of Good Faith and Fair Dealing

21         To the extent plaintiffs base this claim on some alleged affirmative misrepresentation by

22  defendant (see, e.g., FAC ¶ 30), it may not be preempted.  The claim, however, is not

23  sufficiently pled.  Here, plaintiffs say that Wachovia violated the implied covenant of good faith

24  and fair dealing by failing to provide them with a fixed rate refinance loan.  However, they

25  conclusorily allege that Wachovia lured them into a detrimental refinance loan, without

26

27         [1]     The court does not reach defendant's related argument as to the separation of
    powers doctrine.  However, to the extent Wachovia contends that plaintiffs can never seek
28  redress for any express deception or affirmative misrepresentations that allegedly occurred in
    connection with the subject loan, that argument is rejected for the reasons stated above.

1   sufficient supporting facts or details as to the terms of any contract giving rise to the implied

2   covenant, much less defendant's alleged breach of any contractual obligation, or the specific

3   conduct that frustrated plaintiffs' rights to benefit from any such contract.  Indeed, the

4   allegations pertain to conduct that occurred prior to the signing of the subject loan agreement.

5   "'[T]he implied convenant is a supplement to an existing contract, and thus it does not require

6   parties to negotiate in good faith prior to any agreement."  See Biggins, 266 F.R.D. at 410

7   (dismissing a claim based on allegations pertaining to conduct that occurred during the

8   negotiation of the subject loan).

9          To the extent this claim is grounded in tort based on the existence of an alleged fiduciary

10  relationship with defendant (FAC ¶ 22), it also fails.  "[A]s a general rule, a financial institution

11  owes no duty of care to a borrower when the institution's involvement in the loan transaction

12  does not exceed the scope of its conventional role as a mere lender of money."  Nymark v.

13  Heart Fed. Savings & Loan Ass'n, 231 Cal. App.3d 1089, 1095, 283 Cal. Rptr. 53 (1991); see

14  also Biggins, 266 F.R.D. at 410 (same).  The FAC does not allege sufficient facts that would

15  support the existence of a fiduciary duty here.  This claim is dismissed.

16         2.     Promissory Estoppel

17         To the extent this claim appears to be premised upon alleged affirmative

18  misrepresentations made by defendant, and reportedly relied upon by plaintiffs, the court

19  concludes that HOLA preemption does not apply.  Nevertheless, the court agrees that, as

20  currently pled, the claim does not survive dismissal.  A claim for promissory estoppel requires:

21  "(1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the

22  promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting

23  the estoppel must be injured by his or her reliance."  Boon Rawd Trading Int'l Co., Ltd. v.

24  Paleewong Trading Co., Inc., 688 F. Supp.2d 940, 953 (N.D. Cal. 2010) (citing Ecology, Inc. v.

25  State of California, 129 Cal. App.4th 887, 901-902, 904, 28 Cal. Rptr.3d 894 (2005)).  "The

26  purpose of this doctrine is to make a promise that lacks consideration (in the usual sense of

27  something bargained for and given in exchange) binding under certain circumstances."  Id.

28  (citing Youngman v. Nevada Irrigation Dist., 70 Cal.2d 240, 249, 74 Cal. Rptr. 398, 449 P.2d

**United States District Court**
For the Northern District of California

1   462 (1969)).  In essence, the Sharmas claim that if Wachovia honored its alleged promise to

2   modify their loan, they would not have lost their home to foreclosure.[2]  More facts are needed to

3   establish a claim for relief.  Missing from the FAC, for example, are allegations that Wachovia

4   promised not to foreclose on the subject property while plaintiffs' qualification for a loan

5   modification was assessed.  Viewing the FAC as a whole and in a light favorable to plaintiffs, it

6   is not reasonable to infer that foreclosure was not a possibility, notwithstanding defendant's

7   alleged promise to provide a modification.  See, e.g., Sato v. Wachovia Mortgage, No. C11-

8   00810EJD, 2011 WL 2784567 at *10 (N.D. Cal., July 13, 2011) (dismissing a promissory

9   estoppel claim where plaintiff simply alleged that she was promised a loan modification).  Cf.

10  Chang, 2011 WL 2940717 at *5 (concluding that plaintiff stated a claim for promissory

11  estoppel where defendant allegedly promised not to foreclose on plaintiff's home during loan

12  modification negotiations).  This claim is dismissed.

13          3.      California's Unfair Competition Law (UCL), Bus. & Prof. Code § 17200

14          "The UCL prohibits any 'unlawful, unfair or fraudulent business practices.'"  Zepeda v.

15  PayPal, Inc., — F.Supp.2d —, 2011 WL 570231 *5 (N.D. Cal., Feb. 15, 2011) (quoting Cal.

16  Bus. & Prof. Code § 17200)).  The FAC's allegations suggest that the Sharmas' claim is

17  grounded in fraud based upon affirmative misrepresentations made by defendants.  As such, it

18  may not be preempted.  But, in order to survive dismissal, plaintiffs must satisfy the heightened

19  pleading requirements of Fed. R. Civ. P. 9(b).  See Kearns v. Ford Motor Co., 567 F.3d 1120,

20  1125 (9th Cir. 2009) (citing Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1102-05 (9th Cir.

21  2003)).  The FAC alleges that defendant "advised Plaintiffs that they were obtaining a loan,

22  through refinance, with a fixed rate and fixed monthly payments when in fact this is misleading

23  because the subject transaction would cause foreseeable harm to Plaintiffs."  (FAC ¶ 51).  To

24  the extent plaintiffs are seeking to hold defendant liable for affirmative misstatements or

25  misrepresentations as to the subject loan, more details are required as to "the who, what, when,

26

27  ────────────

28          [2]      In their opposition, plaintiffs now assert that the alleged promise was that
    defendant would give them a fixed rate loan.  (See Opp. at 7).  Suffice to say that no such
    allegation appears in the FAC.

1 where and how of the misconduct alleged" in order to survive dismissal. <u>Zepeda</u>, — F.Supp.2d

2 —, 2011 WL 570231 at *6. This claim is dismissed.

3         4.     <u>California's False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500</u>

4        The FAL essentially prohibits the public dissemination of false or misleading statements

5 and was designed to protect the public from false advertising. To state a cause of action under §

6 17500, "the plaintiff must demonstrate that 'members of the public are likely to be deceived.'"

7 <u>Rosal v. First Fed. Bank of Cal.</u>, 671 F.Supp.2d 1111, 1134 (N.D. Cal. 2009) (quoting <u>Wayne v.</u>

8 <u>Staples, Inc.</u>, 135 Cal.App.4th 466, 484, 37 Cal.Rptr.3d 544 (2006)) (quotation marks omitted).

9 Here, plaintiffs merely repeat conclusory allegations that defendant misled them during loan

10 negotiations about the true nature of their loan. This claim is dismissed.

11         5.     <u>Unjust Enrichment</u>

12        "Courts in this state and district diverge on whether unjust enrichment functions as an

13 independent claim or is instead an effect that must be tethered to a distinct legal theory to

14 warrant relief." <u>Davenport v. Litton Loan Servicing, L.P.</u>, 725 F. Supp.2d 862, 885 (N.D. Cal.

15 2010). "Under both views, the effect of unjust enrichment is remedied with some form of

16 restitution." <u>Id.</u> Notably, the Sharmas do not make any argument in opposition to defendant's

17 motion to dismiss this claim. As discussed above, to the extent plaintiffs seek relief for

18 defendant's alleged failure to make certain disclosures or to provide adequate notice pertaining

19 to the loan terms or the foreclosure process, their claim for unjust enrichment is preempted.

20 Because the court concludes that none of plaintiffs' other claims survive dismissal, their request

21 for restitution based on alleged resulting unjust enrichment must be dismissed in any event.

                                 **ORDER**

23        Based on the foregoing, defendant's motion to dismiss is granted and their motion to

24 strike is denied as moot. Plaintiffs will be given leave to amend. If plaintiffs choose to amend

25 their complaint, their amended pleading shall be filed within 14 days from the date of this order.

26        SO ORDERED.

27 Dated: August 26, 2011

28                              _____
                             HOWARD R. LLOYD
                             UNITED STATES MAGISTRATE JUDGE

*United States District Court*
For the Northern District of California

1    5:10-cv-04548-HRL Notice has been electronically mailed to:

2    Ali Nehme        nehme29@sbcglobal.net

3    Frederick James Hickman       fhickman@afrct.com, AFRCTECF@afrct.com,
     dpandy@afrct.com, jashley@afrct.com

4

5    Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

10